# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION<br><br>This Document Relates to Defendant: ADVANCE AUTO PARTS, INC. AND ADVANCE STORES COMPANY, INCORPORATED | CASE No.: 2:24-MD-3126-BMM |

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMIMNARY APPROVAL OF CLASS ACTION SETTLEMENT

**THIS MATTER** is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Incorporated Memorandum of Law (Doc. 415) for consideration of whether the $10,000,000 non-reversionary common fund Settlement[1] reached by Plaintiffs Emmanuel Chaidez, Stefondra Monroe, Raymond Moule, Raven Richardson, Don Smith, and Raymond Swain and Defendants Advance Auto Parts, Inc. and Advance Stores Company, Incorporated should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed Notice Program, Notices, Claims Process, and Claim Form be approved. Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter,

---

[1] Unless otherwise indicated, capitalized terms used herein shall have the same definitions as those in Section II of the Settlement Agreement.

the Court has determined the proposed Settlement satisfies the criteria for Preliminary Approval, the proposed Settlement Class and California Settlement Subclass should be preliminarily certified, and the proposed Notice Program, Notices, Claims Process, and Claim Form should be approved. Accordingly, good cause appearing in the record, **IT IS HEREBY ORDERED THAT**:

## **Provisional Certification of the Settlement Class**

1.     The Court provisionally and preliminarily certifies the following Settlement Class for settlement purposes only, finding it is likely to final certify it at Final Approval:

> All persons in the United States whose Private Information was potentially compromised as a result of the Data Incident and who were sent notice of the Data Incident. The Settlement Class is estimated to be approximately 2.3 million individuals. Excluded from the Settlement Class are (1) all persons who are governing board members of Defendant; (2) governmental entities; (3) the Court, the Court's immediate family, and Court staff; and (4) any Settlement Class Member who timely and validly requests to opt-out from the Settlement.

2.     The Court provisionally and preliminarily certifies the following California Settlement Subclass for settlement purposes only, finding it is likely to final certify it at Final Approval:

> All Settlement Class Members who are residents of California. Excluded from the Settlement Class are (1) all persons who are governing board members of Defendant; (2) governmental entities; (3) the Court, the Court's immediate family, and Court staff; and (4) any Settlement Class Member who timely and validly requests to opt-out from the Settlement.

2

3.      The Court has subject matter jurisdiction. Specifically, the Court finds that the Parties are minimally diverse, there are more than 100 members of the Settlement Class, and the amount in controversy exceeds $5,000,000 exclusive of interest and costs, as required by 28 U.S.C. § 1332. The Court also has personal jurisdiction over the Parties and the Settlement Class.

4.      The Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the proposed Class Representatives are typical of absent Settlement Class members; the Class Representatives will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; common issues predominate over any individual issues; and a class action is the superior means of adjudicating the controversy. Class Counsel is also adequate.

5.      Emmanuel Chaidez, Stefondra Monroe, Raymond Moule, Raven Richardson, Don Smith and Raymond Swain are designated and appointed as the Class Representatives.

6.      The Court finds that Devlan Geddes, Raph Graybill, John Heenan, Amy Keller, and Jason Rathod are experienced attorneys and will adequately protect the

interests of the Settlement Class, and designates them as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

## Preliminary Approval of the Proposed Settlement

7.    Upon preliminary review, pursuant to Fed. R. Civ. P. 23(e)(2) and the Ninth Circuit's *Churchill* factors, the Court finds the proposed Settlement is likely to be approved as fair, reasonable, and adequate at the Final Approval Hearing, otherwise meets the criteria for approval, and warrants issuance of Notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

## Final Approval Hearing

8.    A Final Approval Hearing shall take place before the Court on **Thursday July 10, 2025, at 10:00 a.m.** to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims in the Amended Representative Class Action Complaint against Defendant should be dismissed with prejudice; (c) Settlement Class Members should be bound by the Releases set forth in the Settlement; (d) the proposed Final Approval Order and final judgment should be entered; and (e) the Application for Attorneys' Fees, Costs, and Service Awards should be granted. Any other matters the Court deems necessary and appropriate will also be

4

addressed at the hearing.

9.     Class Counsel intends to seek an award of up to 33.33% of the Settlement Fund as attorneys' fees, as well as reimbursement of reasonable litigation costs, to be paid from the Settlement Fund. Service Awards of up to $2,500.00 will also be sought for each of the Class Representatives. These amounts appear reasonable, but the Court will defer ruling on those awards until the Final Approval Hearing when considering the Application for Attorneys' Fees, Costs, and Service Awards.

10.     Class Counsel shall file the Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards no later than 45 days before the original Final Approval Hearing date.

11.     Any Settlement Class Member that has not timely and properly opted-out from the Settlement in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement and Application for Attorneys' Fees, Costs, and Service Awards; provided, however, no Settlement Class Member that has elected to opt-out from the Settlement shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

**Settlement Administration**

12.    Kroll Settlement Administration, LLC is appointed as the Settlement Administrator, with responsibility for implementing and completing the Notice Program, overseeing the Claims Process, and performing all other acts necessary for Settlement administration. All Settlement Administration Costs will be paid out of the Settlement Fund, as provided in the Settlement.

**Notice to the Settlement Class**

13.    The Notice Program and Notices, including the Email Notice, Publication Notice, and Long Form Notice, along with the Claim Form, attached as exhibits to the Agreement, are approved. Non-material modifications to the Notices and Claim Form may be made by written agreement of the Parties without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program and to perform all other tasks that the Settlement requires.

14.    The Court finds that the form, content, and method of the Notices: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the Notice is written in plain

language, uses simple terminology, and is designed to be readily understandable by Settlement Class members.

## Opting-Out of the Settlement Class

15.     Any Settlement Class member that wishes to opt-out of the Settlement must submit a valid written notification of such intent either by electronic means established by the Settlement Administrator or by United States mail to the designated address established by the Settlement Administrator, postmarked no later than 30 days before the original Final Approval Hearing date. The opt-out request must be personally signed by the Settlement Class member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to opt-out of the Settlement Class. Any Settlement Class member who does not submit a valid and timely request to opt-out in the manner described herein shall be bound by the Settlement, including all Releases, as well as all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

16.     Settlement Class Members cannot opt-out by telephone or email. "Mass" or "class" requests for exclusion filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Class Members, where an opt out has not been signed by each and every individual Settlement Class Member, will not be allowed.

17.     All Settlement Class members who submit valid and timely requests to opt-out of the Settlement shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement.

## **Objecting to the Settlement**

18.     A Settlement Class Member that complies with the requirements of this Preliminary Approval Order and the Agreement may object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards.

19.     No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class member shall be received and considered by the Court, unless a written objection is submitted to the Settlement Administrator on or before the last day of the Objection Period, which shall be 30 days before the original Final Approval Hearing date. For the objection to be considered by the Court, the written objection must include:

    a.  the objector's full name, mailing address, telephone number, and email address (if any);

    b.  all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

    c.  the number of times the objector has objected to a class action

settlement within the 5 years preceding the date that the objector files the objection;

d.  the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards;

e.  the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection, and the caption of any appeal related to such objection;

f.  any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

g.  the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

h.  a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

i.  a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

9

j.  the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel pursuant to the Federal Rules of Civil Procedure and respond to any objection prior to the Final Approval Hearing.

20.    Objections must be mailed to the Settlement Administrator at the address listed on the Long Form Notice and which will also appear on the Settlement Website, or submitted through the means established by the Settlement Adminsitrator on the Settlement Website.

21.    Any Settlement Class Member who fails to object to the Settlement in the manner described herein shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or of this Preliminary Approval Order by appeal or any other means.

## Claims Process and Distribution Plan

22.    The Settlement establishes a Claims Process for assessing and determining the validity of Claims and a methodology for paying Settlement Class Members who submit Valid Claims. The Court preliminarily approves this process.

23.    Settlement Class members that qualify for and wish to submit a Claim shall do so in accordance with the requirements and procedures specified in the Settlement, as set forth in the Claim Form. If the Settlement is finally approved, all

Settlement Class Members that qualify for any Settlement Class Member Benefits, but who fail to submit a Claim in accordance with the requirements and procedures specified in the Settlement, including the Claim Form requirements, shall be forever barred from receiving any such benefit. Such Settlement Class Members, however, will in all other respects be subject to and bound by the provisions of the Settlement, including the Releases, and the Final Approval Order and final judgment.

<u>**Termination of the Settlement and Use of this Order**</u>

24.     This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Preliminary Approval Order, if the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Preliminary Approval Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

25.     If the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date, then this Preliminary Approval Order shall be of no force or effect; shall not be construed or used as (i) an admission, concession, or declaration by or against Defendant of any

fault, wrongdoing, breach, or liability or (ii) to support a claim for class certification; shall not be construed or used as an admission, concession, or declaration by or against any Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

## Stay of Proceedings

26.    Except as necessary to effectuate this Preliminary Approval Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and judgment, or until further order of this Court.

27.    Upon the entry of this order, with the exception of Class Counsel's, Defendant's Counsel's, Defendant's, and the Class Representatives' implementation of the Settlement and the approval process in this Action, all members of the Settlement Class shall be provisionally enjoined and barred from asserting any claims or continuing any litigation against Defendant and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement

## Adjournment or Continuance of Final Approval Hearing

28.     The Court, at its direction, may adjourn or continue the Final Approval Hearing date without further written notice to the Settlement Class. If the Court does so, the new date shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted by the Settlement Administrator on the Settlement Website.

## Jurisdiction Pending Settlement Approval

29.     For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

## Summary of Deadlines

30.     The Settlement as preliminarily approved shall be administered according to its terms pending the Final Approval Hearing. The Court hereby sets the following schedule of events:

| EVENT | DEADLINE |
|---|---|
| Deadline to commence Notice Program | Within 20 days of the Preliminary Approval Order |
| Deadline to complete Notice Program | 45 days before the original Final Approval Hearing date |
| Deadline for filing Motion for Final Approval, including Application for Attorneys' Fees, Costs, and Service Awards | 45 days before the original Final Approval Hearing date |

| Opt-Out Period Ends | 30 days before the original Final Approval Hearing date |
|---|---|
| Objection Period Ends | 30 days before the original Final Approval Hearing date |
| Claim Form Deadline | 15 days before the original Final Approval Hearing date |
| Final Approval Hearing | July 10, 2025, at 10:00 a.m. (or soon thereafter based on the Court's availability). |

**DATED** this 22nd day of May, 2025.


_____
Brian Morris, Chief District Judge
United States District Court